UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARTEZ HUNTLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1349-CDP |
|  | ) |  |
| HERBERT L. BERNSEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pretrial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition will be summarily dismissed.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha Cty.*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent

extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.")

Petitioner has been in pretrial custody in St. Louis County since about June 7, 2017, awaiting trial on felony robbery charges. *See State v. Huntley*, No. 17SL-CR01182-01 (St. Louis County). Petitioner argues that he is being unconstitutionally imprisoned because he was unlawfully arrested, he was not read his *Miranda* rights, and the prosecution did not call any victims of the alleged robbery to plaintiff's preliminary hearing. The grounds raised by petitioner do not constitute the special circumstances required for a finding that he has exhausted his available state remedies. The claims raised by petitioner can be raised with his appointed counsel, at his criminal trial, and in any subsequent state proceedings. *See, e.g.*, *Blanck*, 48 F. Supp. 2d at 862 (finding claim of perjured testimony at preliminary hearing could be presented at trial or on appeal). As a result, the Court finds that the exhaustion requirement is not met in this case, and petitioner's petition for writ of habeas corpus will be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2018.